UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID RAMON COLEMAN,

      Petitioner,                         Case No. 4:19-CV-13135
                                         Stephanie Dawkins Davis
v.                                    United States District Judge

SHANE JACKSON,

      Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A
WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND DENYING
LEAVE TO APPEAL *IN FORMA PAUPERIS***

David Ramon Coleman, ("petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), first-degree home invasion, Mich. Comp. Laws § 750.110a, armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm in the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. For the reasons that follow, the petition for a writ of habeas corpus is **DENIED**.

## I.    BACKGROUND

Petitioner was convicted after a jury trial in the Wayne County Circuit

Court, in which he was tried jointly with his co-defendant Jabari Hassen Regains.

This Court recites verbatim the relevant facts relied on by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C.

§ 2254(e)(1).  *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

> Defendants' convictions arose from the robbery and
> shooting death of William Fultz inside the Detroit
> apartment of Johnnie Mae Parrott, where Fultz had been
> living.  The prosecutor's theory at trial was that the
> defendants were aided by Fultz's friend, Sharnethia
> Wells, who visited Parrott's apartment on the night of
> December 28, 2014, and engaged in sexual relations with
> Fultz.  Wells pleaded guilty to second-degree murder,
> MCL 750.317, in exchange for her testimony against
> defendants at trial.
>
> Wells testified that she helped arrange for defendants to
> rob Fultz.  At some point during the night of December
> 28, 2014, Wells left Parrott's apartment, but left the
> doors to the apartment and the building open or
> unlocked, enabling defendants to enter.  Parrott testified
> that she woke up and discovered two men in her
> apartment, whom she was unable to identify at trial.  One
> of the men pointed a gun at her and told her to be quiet.
> Fultz came out of his bedroom and asked the men what
> they wanted.  The second man began going through
> Fultz's bedroom.  Fultz charged at one of the men, and
> Parrott ran out of the apartment.  As Parrott ran, she
> heard multiple gunshots.  Parrott ran to another apartment
> and saw the two suspects leave her apartment, run to a
> car, and leave.  When Parrott returned to her apartment,
> she searched for Fultz and eventually discovered his

body in the basement of the building.  He had received
two gunshot wounds that caused his death.

* * *

Parrott's testimony indicated that two men were involved
in the offense, one of whom pointed a gun at her during
the offense.  Although Parrott was not able to identify the
assailants, Wells expressly identified the robbers as
defendants Coleman and Regains.  Wells testified that
she was with Coleman and Regains before the robbery,
told defendants that Fultz had money, and helped plan
the robbery.  Wells testified, "I set up the murder."
Wells testified that when she left the apartment, she left
the apartment doors unsecured, thereby allowing
Coleman and Regains to gain entry into the apartment.
Parrott's testimony corroborated that Wells was at the
apartment shortly before the robbery.

* * *

Wells and Parrot both testified about Wells's visits to
Parrott's apartment on the night of the robbery.  Wells
testified that she used her cellular telephone to
communicate with Coleman and Regains on the night of
the robbery, Parrott testified that she saw Wells using her
cellular telephone while she was at the apartment before
the robbery, and cellular telephone records corroborated
that Wells communicated with both Coleman and
Regains that night.  Coleman's involvement in the
offense was further supported by the testimony of
Deandre Driver and Deshawn Leath, each of whom
testified that Coleman made statements to them in which
Coleman admitted his involvement in an offense similar
to that described by Wells.  Leath testified that Coleman
admitted shooting a man during the offense and that
items taken were "a few 8 balls, couple ounces of weed,
and some money."

In addition, Wells testified that both defendants retrieved
guns from underneath the hood of a car before the two
defendants went into the apartment building.  Testing of
the two bullet fragments recovered from Fultz's body

3

indicated that the bullets were fired by two different
weapons.

*People v. Coleman*, No. 329847, 2017 WL 3090573, at \*1, 2–3 (Mich. Ct. App.

July 20, 2017).  Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 501

Mich. 977, 906 N.W.2d 972 (2018).

Petitioner filed a post-conviction motion for relief from judgment with the

trial court, which was denied. *People v. Coleman,* No. 15-001347-01-FC (Wayne

Cir. Ct. Mar. 7, 2019).  Petitioner, by his own admission, never sought appellate

review following the denial of his post-conviction motion.

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. The evidence was insufficient to sustain Defendant's
> convictions; alternatively, the verdicts [are] against the
> great weight of evidence. It would be a denial of due
> process and a miscarriage of justice to allow Defendant's
> convictions to stand;
>
> II. The trial court erred where it admitted 59 photos of
> the scene and 7 photos of the autopsy over the objection
> of defense counsel;
>
> III. The improper comments made by the prosecution in
> her opening and closing statements infected the trial with
> unfairness as to make the resulting conviction a denial of
> due process;
>
> IV. The trial court committed a structural error where the
> prosecutor and trial court denied Mr. Coleman his
> constitutional right to a public trial;
>
> V. Under the state and federal due process clauses, the
> trial court must provide Mr. Coleman fair and impartial

4

trial proceedings; the substitute judge was partial to the prosecution which is blatantly apparent throughout the trial court record; and

VI. Mr. Coleman is entitled to relief from judgment based on the ineffective assistance of counsel for failing to raise the issues enclosed within this brief on direct appeal.

## II.   STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when

"a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. Habeas relief should be denied as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III.   DISCUSSION

### A.   Claim # 1. The sufficiency of evidence claim.

Petitioner challenges the sufficiency of the evidence to convict. In the alternative, petitioner argues that the verdict went against the great weight of the evidence.

Taking petitioner's second subclaim first, a federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *See Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub*, 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *see also Nash v. Eberlin*, 258 Fed. Appx. 761, 764, n. 4 (6th Cir. 2007) ("a manifest-weight-of-the-evidence argument is a state-law argument"); *Artis v. Collins*, 14 Fed. Appx. 387 (6th Cir. 2001) (declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence). A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is raised. *Cukaj,* 305 F. Supp. 2d at 796; *see also Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict petitioner of this crime, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.* Other circuit courts have held that a claim that the jury verdict in a state criminal trial went against the great weight of the evidence is non-cognizable on federal habeas review. *See McKinnon v. Superintendent, Great Meadow Correctional Facility*,

7

422 Fed. Appx. 69, 75 (2d Cir. 2011); *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985). Because the Supreme Court has never recognized a state prisoner's constitutional right to a new trial because the verdict was against the great weight of the evidence, petitioner's contention concerning the weight of the evidence fails to state a cognizable federal claim. *Walker v. Curtin*, 2011 WL 285152, *3 (W.D. Mich. Jan. 5, 2011).

To the extent that petitioner argues that the evidence was insufficient to convict, he is not entitled to habeas relief. It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in the original).

8

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence.  *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006) (internal quotation omitted); *see also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) ("A conviction may be sustained based on nothing more than circumstantial evidence.").  Moreover, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence."  *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) (quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508 n.17 (1957)); s*ee also Holland v. United States*, 348 U.S. 121, 140 (1954) (circumstantial evidence is "intrinsically no different from testimonial evidence," and "[i]f the jury is convinced beyond a reasonable doubt, we can require no more"); *Harrington,* 562 U.S. at 113 ("sufficient conventional circumstantial evidence" supported the verdict).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application

of the *Jackson* standard.  *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold."  *Id.*  For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality."  *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).  A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA."  *Id.*

Petitioner argues that there was insufficient evidence to establish his identity as the perpetrator.  Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt."  *Byrd v. Tessmer*, 82 Fed. Appx. 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 25 Mich. App. 646, 181 N.W.2d 655, 656 (1970)).  Identity of a defendant can be inferred through circumstantial evidence.  *See Dell v. Straub,* 194 F. Supp. 2d at 648.

In the present case, there was sufficient evidence to establish petitioner's identity as one of the participants in the murder, home invasion, and robbery.  Co-defendant Wells testified that she was with petitioner and co-defendant Regains prior to the robbery, informed them that Mr. Fultz had money, and helped set up

10

the robbery and murder.  Ms. Wells testified that she went to the apartment to have

sex with Mr. Fultz for the purpose of setting him up to be robbed by petitioner and

Mr. Regains.  Ms. Well testified that when she left the victim's apartment, she

purposely left the doors of the apartment open so that petitioner and Mr. Regains

could enter and rob Mr. Fultz.  Ms. Wells' testimony was corroborated by Ms.

Parrott, who testified that Ms. Wells was at the apartment shortly before Mr. Fultz

was robbed and murdered.  Ms. Wells' testimony provides direct evidence of

petitioner's involvement in the robbery, home invasion, and murder.

Petitioner's identity as one of the participants was further buttressed by

testimony from two inmates of the Wayne County Jail that petitioner admitted that

he committed the robbery and murder.  "[A]n admission by the accused identifying

himself as the person involved in the (crime) is sufficient to sustain a guilty verdict

when the crime itself is shown by independent evidence." *United States v. Opdahl*,

610 F.2d 490, 494 (8th Cir. 1979); *see Johnson v. Coyle,* 200 F.3d 987, 992 (6th

Cir. 2000) (petitioner's identity as murderer supported in part by evidence that he

confessed several times to murdering sister); *Sok v. Romanowski,* 619 F. Supp. 2d

334, 351 (W.D. Mich. 2008) (evidence sufficient to establish petitioner's identity

as armed robber where his admissions placed him at the location of the crime);

*Hatchett v. Withrow*, 185 F. Supp. 2d 753, 759 (E.D. Mich. 2002) (petitioner's

identity as perpetrator of crime supported in part by his detailed confession to the crime).

Finally, evidence of cellular telephone activity between Ms. Wells, petitioner, and Mr. Regains on the night of the murder was additional evidence which established his involvement in the offense. *See United States v. Smith-Kilpatrick*, 942 F.3d 734, 745 (6th Cir. 2019), *cert. denied*, No. 19-7599, 2020 WL 1326047 (U.S. Mar. 23, 2020) (Evidence was sufficient to establish defendant's involvement in conspiracy, as required to support conviction for conspiracy to distribute cocaine and heroin; several witnesses testified to defendant's direct involvement in packaging, transporting, and financing the sale of drugs, and testimony and records such as wire transfers, car rentals, and phone calls between various conspirators implicated defendant in the conspiracy); *United States v. Parks*, 278 Fed. Appx. 527, 535-36 (6th Cir. 2008) (Evidence was sufficient to show that defendant participated in bank robbery, defendant had previously been photographed driving getaway car, robbery witnesses identified getaway car as car in which defendant was both photographed and videotaped, cellular telephone records indicated that defendant immediately contacted codefendant at time of robbery and escape and owner of getaway car, owner reported car stolen five minutes after speaking with defendant, eyewitness testified that codefendant made cellular telephone call at approximately same time records showed that

codefendant called defendant, and getaway car was found burned on following

day).

Because there were multiple pieces of evidence to establish petitioner's

identity as one of the participants in the robbery, home invasion, and murder, the

Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in

rejecting petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw,*

699 F.3d 908, 919-21 (6th Cir. 2012).

Finally, to the extent that petitioner attacks the credibility of the various

witnesses, he is not entitled to relief. Attacks on witness credibility are simply

challenges to the quality of the prosecution's evidence, and not to the sufficiency

of the evidence. *See Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). An

assessment of the credibility of witnesses is generally beyond the scope of federal

habeas review of sufficiency of evidence claims. *See Gall v. Parker*, 231 F.3d 265,

286 (6th Cir. 2000). To the extent that petitioner challenges the credibility of the

witnesses, he would not be entitled to habeas relief. *See Tyler v. Mitchell,* 416

F.3d 500, 505 (6th Cir. 2005). Petitioner is not entitled to relief on his first claim.

B.     Claim # 2.  The claim involving the photographs of the murder victim.

Petitioner next contends that his right to a fair trial was violated by the

admission of photographs of the murder victim, which he claims were

inflammatory and unduly prejudicial.

13

It is "not the province of a federal habeas court to reexamine state-court

determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991).  A federal court is limited in federal habeas review to deciding whether a

state court conviction violates the Constitution, laws, or treaties of the United

States.  *Id.*  Errors in the application of state law, especially rulings regarding the

admissibility of evidence, are usually not questioned by a federal habeas court.

*Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).  Petitioner's claim that the

trial court admitted photographs of the murder victim fails to state a claim upon

which habeas relief can be granted.  *See e.g. Franklin v. Bradshaw,* 695 F.3d 439,

456-57 (6th Cir. 2012) (state court's determination, that petitioner's right to fair

trial was not denied by admission of 18 gruesome autopsy photographs of his

victims that were shown to jurors on large projector screen during trial for

aggravated arson, aggravated robbery, and aggravated murder, was not contrary to

clearly established federal law).  In particular, the introduction of graphic or

gruesome photographs of a murder victim does not entitle a petitioner to habeas

relief where there is some legitimate evidentiary purpose for the photographs'

admission.  *See e.g.*, *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2005) (upholding

the admission of photographs depicting a victim's severed head, severed breast,

and severed body parts placed near the victim's torso; the photos were highly

probative of the prosecutor's claim that the petitioner beat the victim severely and

meticulously dissected her body); *Frazier v. Huffman*, 343 F.3d 780, 789 (6th Cir.

2003) (finding acceptable the admission of multiple photographs of the victim used

by the coroner to illustrate the nature of the encounter preceding the victim's

death); *Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002) (observing that

"although the photographs were gruesome, they were highly probative").

Petitioner is not entitled to relief on this second claim.

 C. <u>Claims # 3-6. The procedurally defaulted claims</u>.

 Respondent claims that petitioner's remaining claims are procedurally

defaulted for various reasons.

 When the state courts clearly and expressly rely on a valid state procedural

bar, federal habeas review is also barred unless petitioner can demonstrate "cause"

for the default and actual prejudice as a result of the alleged constitutional

violation, or can demonstrate that failure to consider the claim will result in a

"fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-

51 (1991). If petitioner fails to show cause for his procedural default, it is

unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S.

527, 533 (1986). However, in an extraordinary case, where a constitutional error

has probably resulted in the conviction of one who is actually innocent, a federal

court may consider the constitutional claims presented even in the absence of a

showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80

(1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324.

Respondent contends that petitioner's prosecutorial misconduct claim is procedurally defaulted because petitioner failed to preserve the issue by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claim for plain error only. *People v. Coleman,* 2017 WL 3090573, at *4.

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, petitioner had not preserved his prosecutorial misconduct claim. The Michigan Court of Appeals' review of petitioner's claim for plain error should be viewed as enforcement of the procedural default. *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

Petitioner argues in his petition that trial counsel was ineffective for failing to object. (ECF No. 1, PageID.22). Although ineffective assistance of counsel

may constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner never raised any ineffective assistance of counsel claim on his direct appeal, either in the brief filed by his appellate counsel or in the *pro se* supplemental brief filed by petitioner either before the Michigan Court of Appeals or the Michigan Supreme Court. (ECF No. 12-19, PageID.1521-39, ECF No. 12-19, PageID.1571-88, ECF No. 12-20, PageID.1627-47, ECF No. 12-20, PageID.2967-84). Nor did petitioner raise any ineffective assistance of trial counsel claims in his motion for relief from judgment. (ECF No. 12-16, PageID.1437-50). And, as mentioned below, petitioner no longer has any available state court remedies with which to exhaust any additional claims. Petitioner never raised in the Michigan courts a specific claim about trial counsel's failure to object to the alleged prosecutorial misconduct. Any alleged ineffectiveness of counsel cannot now constitute cause to excuse petitioner's default with respect to his third claim. *See Wolfe v. Bock,* 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006). Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding his third claim. *Smith*, 477 U.S. at 533.

Respondent contends that petitioner's fourth through sixth claims are procedurally defaulted because although petitioner raised these claims in his post-

conviction motion for relief from judgment, he failed to exhaust these claims by appealing the denial of the post-conviction motion to the Michigan appellate courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*

Petitioner, by his own admission, did not appeal the denial of the post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court.

Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court on the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner was required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any

claims that he raised in his post-conviction motion. *See e.g.*, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner failed to complete the appellate process for his post-conviction motion and has thus failed to satisfy the exhaustion requirement. *See e.g.*, *Paffhousen v. Grayson,* 238 F.3d 423 (Table), No. 2000 WL 1888659, *2 (6th Cir. Dec. 19, 2000) (petitioner failed to fairly present his claims in his Rule 6.500 motion, when he failed to appeal the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court); *Mohn v. Bock*, 208 F. Supp. 2d at 800 (same). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, but failed to do so, the petitioner has failed to exhaust all available state court remedies. *See Cox v. Cardwell*, 464 F.2d 639, 644-45 (6th Cir. 1972).

A criminal defendant in Michigan has six months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. Mich. Ct. R.. 6.509 (A); Mich. Ct. R. 7.205(G)(3). The trial judge denied the motion on March 7, 2019. Petitioner would have no later than September 7, 2019 to timely file an appeal from the denial of his post-conviction motion. Petitioner no longer has the ability to appeal the denial of his post-conviction motion to the Michigan appellate courts. His fourth through sixth claims are unexhausted.

Unfortunately, petitioner no longer has any available state court remedies with which to exhaust his fourth through sixth claims. Under Mich. Ct. R.. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico*, 258 Fed. Appx. 781, 783 (6th Cir. 2007). Petitioner has no remaining state court remedies with which to exhaust his remaining claims.

If a habeas petitioner fails to present his claims to the state courts and is now barred from pursuing relief there, the petition should not be dismissed for lack of exhaustion because there are simply no remedies available for the petitioner to exhaust. However, the petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995). A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, fn. 3.

Petitioner has not established cause to excuse his default regarding his fourth through sixth claims. While ineffective assistance of appellate counsel might excuse petitioner's failure to raise his ineffective assistance of counsel claims on his direct appeal, it does not excuse petitioner's own failure to exhaust his fourth

through sixth claims by appealing the denial of his post-conviction motion for relief from judgment. *See Gadomski v. Renico*, 258 Fed. Appx. at 784.

Petitioner acknowledges that he failed to appeal the denial of his post-conviction motion but claims that he missed the deadline because he was waiting on a phone recording and witness statement from the prosecution. (ECF No. 1, PageID.5, 9, 10, 11). Petitioner does not specify what this evidence was or why it was relevant to the claims that he raised in his post-conviction motion. The Court notes that after petitioner's post-conviction motion was denied, but within the six month period for filing an appeal, petitioner filed a motion to compel the prosecutor or police to turn over a copy of a statement of the police department's interview with Ms. Wells, claiming that the prosecutor violated *Brady v. Maryland,* 373 U.S. 83, 87 (1963) and the pre-trial discovery order by failing to turn this interview over at trial. (ECF No. 12-18). It is not clear whether it is Ms. Wells' statement to the police that petitioner was waiting for when the deadline to file an appeal passed.

A showing of cause by a habeas petitioner requires more than "the mere proffer of an excuse." *See Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir. 2006). A habeas petitioner cannot rely on conclusory assertions of cause and prejudice to overcome procedural default. Instead, he must present affirmative

evidence or argument as to the precise cause and the prejudice produced.  *Id.* at 764.

Assuming that petitioner is referring to Ms. Wells' statement, petitioner does not explain why he needed a copy of Ms. Wells' interview in order to appeal the denial of his post-conviction motion to the Michigan appellate courts.  Petitioner did not raise any claim in his post-conviction motion that the prosecutor had violated *Brady* or the discovery order by failing to turn this statement over to petitioner.  Petitioner was able to file his post-conviction motion without having a copy of Ms. Wells' statement.  Ms. Wells' statement was not necessary to support the claims that petitioner raised in his post-conviction motion, namely, that his right to a public trial had been violated, that the trial judge had been biased, and that appellate counsel was ineffective for failing to raise these claims on his appeal of right.  Petitioner has not offered any reasons why this statement or any phone recordings were necessary to pursue his appeal in a timely manner or that the claims that he raised could not have been brought on appeal without this evidence; thus, he is unable to show cause to excuse his default.  *See e.g. Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010).  Petitioner's fourth through sixth claims are defaulted.

Petitioner failed to show cause to excuse the default of his third through sixth claims.  Additionally, petitioner has not presented any new reliable evidence

to support any assertion of innocence which would allow this Court to consider his

third through sixth claims as a ground for a writ of habeas corpus in spite of the

procedural default.  Petitioner's sufficiency of evidence claim is insufficient to

invoke the actual innocence doctrine to overcome the procedural default rule.  *See*

*Malcum v. Burt*, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003).

Finally, assuming that petitioner had established cause for the default of his

claims, he would be unable to satisfy the prejudice prong of the exception to the

procedural default rule, because his claims would not entitle him to relief.  The

cause and prejudice exception is conjunctive, requiring proof of both cause and

prejudice.  *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007).  For the

reasons stated by the Michigan Court of Appeals in rejecting petitioner's third

claim, the Wayne County Circuit Court in rejecting petitioner's fourth through

sixth claims, and by the Assistant Michigan Attorney General in his answer to the

petition for a writ of habeas corpus, petitioner failed to show that his procedurally

defaulted claims have any merit.  Petitioner is not entitled to habeas relief on his

procedurally defaulted claims.

## IV.   CONCLUSION

The Court **DENIES** the petition for a writ of habeas corpus.  The Court also

**DENIES** a certificate of appealability to petitioner.  In order to obtain a certificate

of appealability, a prisoner must make a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong.  *Id.* at 484.  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court **DENIES** petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right.  *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  The Court

further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

## V.    ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: November 30, 2021

25